[No. 22706. Department One. April 13, 1931.]

THE STATE OF WASHINGTON, *on the Relation of Spokane County et al., Respondents,* v. GEORGE DEGRAFF, *as County Treasurer, Appellant.*[1]

*Fred J. Cunningham,* for appellant.
*C. W. Greenough* and *A. O. Colburn,* for respondent.

TOLMAN, C. J.—Respondents here sued out an alternative writ of mandamus in the superior court for Spokane county, directed to the appellant here, as county treasurer, requiring him to proceed forthwith by distraint to collect personal property taxes or show cause why he should not so proceed. The appellant made a

[1]Reported in 298 Pac. 339.

return and answer to the writ, a demurrer was interposed to his answer, the trial court deferred ruling upon the demurrer, heard the evidence, made findings of fact and conclusions of law, and by its final decree granted the peremptory writ. This appeal followed.

Appellant took no exceptions to the findings of fact or any of them, excepting only to the conclusions of law. The material findings and conclusions are as follows:

"(2) That during the fall of 1929 the taxing officials of said Spokane county duly levied and equalized the general state and county taxes on and against the personal property of the Imperial Beverage Company, a Washington corporation, and delivered the same to the respondent for collection during the year 1930; that on the first Monday in February, 1930, said taxes became payable and on March 15 of said year the same became delinquent.

"(3) That said taxes have not been paid and the personal property against which the same were levied is located in Spokane county, is in the possession of said Imperial Beverage Company and is of a value many times the amount of said personal property taxes, penalties and costs of collection; that notwithstanding the fact that said personal property is located in said county, is in the possession of said Imperial Beverage Company and is of greater value than the amount of the taxes and the costs of collection, said respondent has failed to collect said taxes and has failed to distrain and sell said personal property or any part of the same and has failed to request the county sheriff of said county to distrain and sell the same.

"(4) That the board of county commissioners of Spokane county above named and the prosecuting attorney of said county have demanded of the said respondent that he prepare papers in distraint which shall contain a description of the personal property above mentioned, the amount of the taxes, the amount of the accrued interest at the rate provided by law from March 15 and the name of the owner or reputed

owner of said personal property and file the same with the county sheriff of said county with instructions to said county sheriff to distrain sufficient goods and chattels belonging to the corporation charged with the said taxes to pay the same in accordance with the law and said respondent has refused and still refuses to prepare said necessary distraint papers and to file the same with said county sheriff with the instructions aforesaid.

"(5) That the taxpaying corporation mentioned in the petition is engaged in the manufacturing and sale of soda water and kindred articles used for non-intoxicating beverages; that the personal property against which the personal property tax for the year 1929 was levied is essential to the operation of the business of said corporation and if said personal property is distrained, sold and removed, such action will put the corporation out of the manufacturing business at this time and will result in irreparable loss and injury to said corporation and to its creditors; that said manufacturing corporation has been handicapped in its business operations for lack of adequate capital but the integrity and ability of its management has been established among its customers, the corporation has been gradually improving its financial status, is desirous of paying said tax and is not attempting in any manner to evade the payment of the same.

"(6) That when the personal property tax for the year 1929 referred to in the petition was included in the tax roll which was delivered in January of this year (1930) to the respondent as county treasurer for collection, the respondent caused to be mailed out to said corporation the notice required by the statute and when said tax on March 15, 1930, became delinquent as alleged in said petition, the respondent as county treasurer made a careful investigation of the financial condition of the delinquent corporation and of the possibility and probability of payment of the tax within a reasonable time, and the respondent reached the conclusion that said tax would in all probability be voluntarily paid in due course; that distraint at this time of the property charged with the tax will be financially disastrous to the business of the taxpaying corporation

and that no loss would result to the county and state in postponing distraint for a time in that the property charged with the tax is being properly taken care of, is kept in good repair and is and will be fully ample in value to pay said tax, interest, penalties and the cost of distraint should such action take place; that the respondent has at all times during the existence of the lien of said tax and is now keeping in close touch with the operations of the taxpaying corporation to be ready to take immediate action looking toward dis- · traint of the property charged with said tax. . . .

"Conclusions of Law.

"(1)    That the respondent as county treasurer of Spokane county, Washington, is a ministerial officer only without discretion to determine when distraint papers shall be prepared to distrain personal property against which taxes are delinquent other than to proceed immediately after March 15 of the year in which the tax becomes delinquent as provided by statute.

"(2)    That the law specially enjoins as the duty of said respondent as county treasurer of said Spokane county that he immediately after March 15 prepare distraint papers for the distraint of the taxes for the year 1929 charged against the property of the Imperial Beverage Company, a corporation, as prayed for in the petition and commanded in the alternative writ of· mandamus on file in this cause. . . .

"(4)    That the petitioners are entitled to judgment against the respondent as county treasurer aforesaid commanding him to perform the acts set forth and prayed for in said petition."

By his assignments of error, appellant questions the judgment appealed from so far as it holds that the county treasurer is without discretion in the matter of the collection of such taxes, but must proceed forthwith, after March 15 in each year, to collect by distraint the personal property taxes then unpaid.

The applicable provisions of the statute are found in the Laws of 1925, Ex. Ses., p. 227, chapter 130. The duties of the county treasurer are referred to in that

act in § 84 *et seq.* (Rem. 1927 Sup., § 11097-84), and, briefly, those duties are to give notice by publication that the tax books have been turned over to him for the collection of the taxes on and after the first Monday in February, and, when requested, to notify each taxpayer, at the expense of the county. The treasurer is made the sole collector of all current and delinquent taxes.

In § 86, it is provided:

"On the first Monday in February succeeding the levy of taxes, the county treasurer shall proceed to collect all personal property taxes. He shall give notice by mail to all persons charged with personal property taxes, and if such taxes are not paid on or before the 15th day of March of such year, he shall forthwith proceed to collect the same. In the event that he is unable to collect the same in due course, he shall prepare papers in distraint, . . . and shall file the same with the county sheriff, who shall immediately without . . . notice distrain . . . and shall immediately proceed to advertise the same . . . And provided, further, That if any personal property upon which taxes have been levied, but not paid, is about to be removed from the county where the same has been assessed, the county treasurer may demand such taxes without the notice provided for in this section, and if necessary may distrain sufficient goods and chattels to pay the same. . . ." Rem. 1927 Sup., § 11097-86.

In § 89 appears:

"Whenever in the judgment of the assessor or the county treasurer personal property is being removed or is about to be removed without the limits of the state, or is being dissipated or about to be dissipated, the treasurer shall immediately prepare papers in distraint, which shall contain . . . the amount of accrued interest at the rate of twelve per cent per annum from March 15, . . . and shall file the same with the county sheriff who shall . . . distrain . . ." Rem. 1927 Sup., § 11097-89.

Section 94 provides:

"If the county treasurer is unable, for the want of goods or chattels whereupon to levy, to collect by distress or otherwise, . . . such treasurer shall file with the county auditor, on the first day of January following, a list of such taxes, with an affidavit of himself or of the deputy treasurer entrusted with the collection of said taxes, stating that he had made diligent search and inquiry for goods and chattels wherewith to make such taxes, and was unable to make or collect the same. The county auditor shall deliver such list and affidavit to the board of county commissioners at their first session thereafter, and they shall cancel such taxes as they are satisfied cannot be collected." Rem. 1927 Sup., § 11097-94.

Section 95 reads:

"If any county treasurer shall wilfully refuse or neglect to collect any taxes assessed upon personal property, where the same is collectible, or to file the delinquent list and affidavit, as herein provided, he shall be held, in his next settlement with the auditor, liable for the whole amount of such taxes uncollected, and the same shall be deducted from his salary and applied to the several funds for which they were levied." Rem. 1927 Sup., § 11097-95.

And in § 112 appears:

"When it becomes necessary, in the opinion of the county treasurer, to charge the tax on personal property against real property, in order that such personal property tax may be collected, such county treasurer shall select for that purpose some particular tract or lots of real property owned by the person owing such personal property tax, and in his tax roll and certificate of delinquency shall designate the particular . . . real property against which such personal property tax is charged. . . ." Rem. 1927 Sup., § 11097-112.

Appellant bases some argument upon § 85 of the act, but the provision there referred to so clearly relates

to taxes on real estate that we find it unnecessary to quote that section, or further refer to the argument based thereon.

It seems clear, as the trial court held, that the county treasurer is a ministerial officer only, and that the statute confers no discretion upon him. While some words in various parts of the statute may, on their face, and by disregarding the context and the purpose of the act as a whole, be thought to lend themselves to an opposite view, yet, when carefully read, all such language will be found to refer to real estate taxes, over which the treasurer has no power of distraint.

Section 86 of the act deals exclusively with taxes on personal property, and in that section the duties of the treasurer are clearly defined, and any idea of discretion resting in him is fully and carefully excluded.

Of course, the treasurer in any one of our large counties cannot on the day of March 16 prepare and place in the hands of the sheriff distraint papers in all cases of unpaid personal taxes; and if he could, the sheriff could not execute all at once. But, clearly, the treasurer must proceed, without fear or favor, to so issue papers in distraint as rapidly as he reasonably may, and as fast as the sheriff can give due attention thereto; though, if he has knowledge of facts from which it appears that there is greater danger of loss by delay in some cases than in others, we see nothing in the statute which would prevent his first directing his attention to the particular tax items where the danger of loss might be greatest.

The reference in the statute to interest on delinquencies does not argue for discretion in the treasurer, but clearly that provision was inserted because, proceeding with all due diligence, it may take weeks or months to collect all, and some, by reason of there be-

ing no property found which can be distrained, may even await the after-acquisition of property by the taxpayer. Hence, there must be many cases in which interest after March 15 should be collected.

Any law which gave discretion to the county treasurer in a matter such as this would be very apt in the end to lead to favoritism and the unequal enforcement of the law, an evil which the legislature never intended by this act to invite, and that alone would be a strong argument in support of the judgment as entered.

Being convinced that the trial court correctly interpreted the statute, the judgment is affirmed.

MITCHELL, PARKER, MAIN, and HOLCOMB, JJ., concur.